### FIREMAN'S INS. CO. v. OREGON RAILROAD CO.

[76 Pac. 1075, 67 L. R. A. 161.]

FIRE INSURANCE—SUBROGATION—JOINT ACTION AT LAW.*

Where an insurer pays a loss under a policy of fire insurance in a less amount than the insured's loss by fire, and takes a subrogation assignment for the sum paid, the insurer and the insured, under B. & C. Comp. §§ 27 and 393, requiring actions at law and suits in equity to be prosecuted in the name of the real party in interest, may jointly maintain an action at law against a wrongdoer who negligently caused the loss.

---

*NOTE.— An action at law is the proper remedy by an insurance company on being subrogated to a claim against the party whose negligence caused the loss: *St. Louis A. & P. R. Co.* v. *Fire Assoc.* 28 L. R. A. 83. See, also, note: Right of In_surer to Subrogation — Proper Parties Plaintiff, 44 Am. St. Rep. 731, 738.

From Umatilla: WILLIAM R. ELLIS, Judge.

The plaintiff the Northwestern Warehouse Company being the owner of a quantity of wheat stored at Barnhart Station, in Umatilla County, insured it with its coplaintiff, the Fireman's Fund Insurance Company, in the sum of $1,250, which was less than its value. The wheat was destroyed by fire, which, it is alleged, originated through the negligence of the defendant company, the Oregon Railroad and Navigation Company. The insurance company paid the warehouse company the amount of the insurance, and, by articles of subrogation, took an assignment of all right or claim which the latter company had by reason of the damages sustained, to the extent of the amount so paid, and both companies join in an action against the railroad company for the entire amount of damages sustained by reason of the fire. Sam Davis was the owner at the same time of a quantity of wheat which was also destroyed. Having since assigned his claim for damages against the railroad company to plaintiffs, they sue upon this demand, also, as a second separate cause of action. A demurrer was interposed to each of these causes of action, but, being overruled, judgment was rendered against the defendant, from which it appeals.                    AFFIRMED.

For appellant there was an oral argument by *Mr. William W. Cotton* and *Mr. Henry F. Connor*, with a brief over the names of *Cotton, Teal & Minor, Carter & Raley*, and *H. F. Conner*, to this effect.

Assuming the wheat to have been burned by defendant's negligence, this gave rise to a single and indivisable cause of action at law in favor of the warehouse company: *Swarthout* v. *Chicago & N.W. R. Co.* 49 Wis. 625 (6 N. W. 314); *Ætna Ins. Co.* v. *Hannibal & St. Jo. R. Co.* Fed. Cas. No. 96 (3 Dill. 1); *Norwich Union F. Ins. Soc.* v. *Standard Oil Co.* 59 Fed. 984 (8 C. C. A. 433, 19 U. S. App. 460); *Over*

v. *Lake Erie & W. R. Co.* 63 Fed. 34; *Field* v. *Mayor of New York,* 6 N. Y. 179 (57 Am. Dec. 435); *Cook* v. *Genesee Mut. Ins. Co.* 8 How. Prac. 514.

This cause of action cannot be split without defendant's consent, so as to give two rights of action at law; and no consent of the defendant to the partial assignment is alleged : *Grain* v. *Aldrich,* 38 Cal. 514 (99 Am. Dec. 423); *Ætna Ins. Co.* v. *Hannibal & St. Jo. R. Co.* Fed. Cas. No. 96 (3 Dill. 1); *Mandeville* v. *Welch,* 18 U. S. (5 Wheat.) 277, 288; *Field* v. *Mayor of New York,* 6 N. Y. 179 (57 Am. Dec. 435); *Cook* v. *Genesee Mut. Ins. Co.* 8 How. Prac. 514.

No action at law can be maintained in the name of the assignor of a part of a cause of action set out in the first cause of action for his own benefit and that of his assignee : B. & C Comp. § 27; 1 Pomeroy, Rem. Rights, § 126; *Field* v. *Mayor of New York,* 6 N. Y. 179 (57 Am. Dec. 435).

By the subrogation no legal title in the cause of action or any part thereof was acquired by the insurance company. The interest acquired by it is purely equitable, and enforceable only in equity: *Norwich Union F. Ins. Soc.* v. *Standard Oil Co.* 59 Fed. 984 (8 C. C. A. 433, 19 U. S. App. 460); *Over* v. *Lake Erie & W. R. Co.* 63 Fed. 34; *Grain* v. *Aldrich,* 38 Cal. 514 (99 Am. Dec. 423); *Hassie* v. *God Is With Us Cong.* 35 Cal. 378; *State Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 563 (26 Pac. 838); 1 Pomeroy, Eq. Jur. §§ 146, 148; *Little* v. *Portland,* 26 Or. 235 (37 Pac. 911); 7 Enc. Pl. & Pr. p. 763; *Field* v. *Mayor of New York,* 6 N. Y. 179 (57 Am. Dec. 435); *Cook* v. *Genesee Mut. Ins. Co.* 8 How. Prac. 514; *Sykes* v. *First Nat. Bank,* 2 S. D. 242 (49 N. W. 1058); *James* v. *Newton,* 142 Mass. 366 (56 Am. Rep. 700, 8 N. E. 122); *Childs* v. *Alexander,* 22 S. C. 169; *The Elmbank,* 72 Fed. 610; *Etheridge* v. *Vernoy,* 74 N. C. 800.

The distinction between actions at law and suits in equity still exists in Oregon : *Burrage* v. *Bonanza G. & Q. Min. Co.* 12 Or. 169 (6 Pac. 766); *Beacannon* v. *Liebe,* 11 Or. 443 (5

Pac. 273); *Over* v. *Lake Erie & W. R. Co.* 63 Fed. 34; *Scott* v. *Neely,* 140 U. S. 106 (11 Sup. Ct. 712); *Cates* v. *Allen,* 149 U. S. 451 (13 Sup. Ct. 883, 977).

For respondent there was an oral argument by *Mr. John J. Balleray,* with a brief over the name of *Balleray & McCourt,* to this effect.

An action at law lies by an insurance company against a wrongdoer for damages by which the property of a person injured by such company has been damaged or destroyed by such wrongdoer, to the extent of the amount paid by the insurer, he being subrogated, as a matter of law, to the rights of the owner: *Swarthout* v. *Chicago & N. W. R. Co.* 49 Wis. 625 (6 N. W. 314); *Pratt* v. *Radford,* 52 Wis. 114 (8 N. W. 606); *Allen* v. *Chicago & N. W. R. Co.* 94 Wis. 93 (68 N. W. 873); *Connecticut F. Ins. Co.* v. *Erie R. Co.* 73 N. Y. 399 (29 Am. Rep. 171); *State Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 563 (26 Pac. 838); *Home Mut. Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 569 (23 Am. St. Rep. 151, 26 Pac. 857).

Where injury by a wrongdoer to property insured exceeds the value of the insurance, and the insurer pays the amount of the insurance, but one cause of action arises from the wrongful act, and the insured or owner and insurer must join in one action to recover the amount of damages so occasioned by the wrongdoer: *Pratt* v. *Radford,* 52 Wis. 114 (8 N. W. 606); *Swarthout* v. *Chicago & N. W. R. Co.* 49 Wis. 625 (6 N. W. 314); *Home Mut. Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 569 (23 Am. St. Rep. 151, 26 Pac. 857); *State Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 563 (26 Pac. 838); *St. Louis S. W. R. Co.* v. *Miller,* 27 Tex. Civ. App. 344 (66 S. W. 139).

A claim or chose in action arising out of a tort, except rights for such injuries as die with the person, is assignable, and the assignee may maintain an action thereon in

his own name: B. & C. Comp. §§ 27, 29, 379, 380; Hill's
Ann. Laws, §§ 27, 29, 369, 370, note to § 27, pp. 139, 150;
Pomeroy, Rem. Rights, §§ 146, 148; *Zabriskie* v. *Smith,* 13
N. Y. 322 (64 Am. Dec. 551); *Butler* v. *New York & E. R.
Co.* 22 Barb. 110; *McArthur* v. *Green Bay & M. C. Co.* 34
Wis. 152; *State Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or. 563
(26 Pac. 838); *Home Mut. Ins. Co.* v. *Oregon R. & Nav. Co.*
20 Or. 569 (23 Am. St. Rep. 151, 26 Pac. 857).

Where all parties interested in one legal demand, how-
ever numerous they may be, join in an action at law, they
can recover upon such demand: *Swarthout* v. *Chicago &
N. W. R. Co.* 49 Wis. 625 (6 N. W. 314); *Pratt* v. *Radford,*
52 Wis. 114 (8 N. W. 606); *Allen* v. *Chicago & N. W. R. Co.*
94 Wis. 93 (68 N. W. 873); *Connecticut F. Ins. Co.* v. *Erie
R. Co.* 73 N. Y. 399 (29 Am. Rep. 171); *Home Mut. Ins. Co.*
v. *Oregon R. & Nav. Co.* 20 Or. 569 (23 Am. St. Rep. 151,
26 Pac. 857); *State Ins. Co.* v. *Oregon R. & Nav. Co.* 20 Or.
563 (26 Pac. 838); *Hart* v. *Western R. Corp.* 13 Metc. 99
(46 Am. Dec. 719); *Monmouth County Mut. F. Ins. Co.* v.
*Hutchinson,* 21 N. J. Eq. 107.

MR. JUSTICE WOLVERTON, after stating the facts in the
foregoing terms, delivered the opinion of the court.

The questions for our consideration arise upon the de-
murrer. The first ground of demurrer as to each cause
of action is that the complaint does not state facts; the
second ground, as to the first cause, is that the plaintiffs'
right of action is equitable; the third, that plaintiffs
have attempted to unite an equitable cause of suit in favor
of the insurance company with another equitable cause
in favor of the warehouse company; and the fourth, that
two causes of action — one in favor of each plaintiff — are
improperly united. The second ground of demurrer to
the second cause of action is that such cause has been
improperly united with the causes of action contained in

the first count.   The demurrer also goes to the entire com-
plaint on two grounds : *first*, that several causes of action
have been improperly united ; *second*, that a cause of ac-
tion at law has been united with two equitable causes of
suit.   Error is assigned in overruling the demurrer as to
each of the grounds designated, but the real and crucial
objections center about the first count or cause of action ;
the latter being unobjectionable, except that it is attempted
to be combined with the first in one action.

It is insisted that plaintiffs have mistaken the forum,
and that they should have proceeded upon the equitable
side of the court, and not at law.   This is the sum and
substance of the whole controversy, and we will discuss it
singly, without confusing it, if possible, with the other
seemingly inconsistent grounds assigned by the demurrer.
The contention is that the claim or demand arising from
the destruction of the wheat through the negligence of
the defendant was one wholly in favor of the warehouse
company and against the defendant, purely legal in char-
acter, single and indivisible, and was insusceptible of
assignment at law, except in its entirety; that it was assign-
able in part or by piecemeal alone in equity; that the
alleged assignment was not of a joint or undivided in-
terest, but of a separable or distinct part or portion of the
claim or demand ; and that its legal effect was so to split
up the cause of action that neither company could enforce
its right acquired or remaining, either singly or collect-
ively, in a court of law, but could only have redress in a
court of equity.   It may be premised that it is the dis-
tinction between forms of action at law that is abolished
by our Code, not that which formerly existed between ac-
tions of law and suits in equity.   Although administered
by the same court or tribunal, the latter distinction still
remains, and the cause is only cognizable in law or in
equity as the especial facts will warrant: *Beacannon* v.

*Liebe,* 11 Or. 443 (5 Pac. 273); *Burrage* v. *Bonanza G. & Q. Min. Co.* 12 Or. 169 (6 Pac. 760). But, whether the cause be an action or suit, the rule is the same; requiring it to be prosecuted in the name of the real party in interest: B. & C. Comp. §§ 27, 393. It is settled law that a party having an entire demand against another cannot split it up so as to subject the debtor to several actions, and, if he sue for a part only of such demand, the judgment obtained will operate to bar any further recovery. Nor can he assign a part only, so as to confer a right of action upon the purchaser, unless the debtor assents to it, in which event there arises a new and distinct contract or assignment; being sustained by the debtor's promise to the assignee, which operates to discharge the debtor of the original debt *pro tanto.* The reason assigned for the principle is that the debtor's undertaking is to pay an integral sum to his creditor, it being no part of his contract that he shall pay in fractions or by piecemeal, either to the creditor or his assignees; hence he has the right to stand upon the singleness of his original obligation, and cannot be subjected, without his consent, to divers actions and embarrassments not contemplated thereby, as would otherwise be the case: *Mandeville* v. *Welch,* 18 U. S. (5 Wheat.) 277; *Grain* v. *Aldrich,* 38 Cal. 514 (99 Am. Dec. 423); *James* v. *Newton,* 142 Mass. 366 (8 N. E. 122, 56 Am. Rep. 692).

Assignments of choses in action or legal demands were anciently unknown to the common law. Latterly, however, they have been treated as merely equitable, but as conferring the right to use the name of the assignor, and thereby to authorize a recovery by an action at law. This relates to the entire demand. But our Code has changed the rule, and the procedure is more direct, requiring all actions to be prosecuted in the name of the real party in interest; thus treating the assignment as legal, and as con-

ferring a legal right upon the assignee, not only as it respects the title to the demand, but in regard to the manner of its enforcement also. A partial assignment may be said to be good at law between the parties, for, if the assignor should collect the funds, he would be regarded as holding it in trust for the assignee. It is such a demand, however, as is cognizable in equity as between all the parties — the debtor as well as the creditor and the assignee. It confers not a legal, but an equitable, right in the demand, enforceable alone in equity; the legal title remaining in the assignor, so that logically the assignee must go into a court of equity to enforce his claim, and, under the code practice, must prosecute the suit in his own name, he being the real party in interest. It is said that in a court of equity "the objections to a partial assignment of a demand, which are formidable in a court of law, disappear. In equity the interests of all parties can be determined in a single suit. The debtor can bring the entire fund into court, and run no risks as to its proper distribution. If he be in no fault, no costs need be imposed upon him, or they may be awarded in his favor. If he be put to extra trouble in keeping separate accounts, he can, if it is reasonable, be compensated for it. In many ways a court of equity can, while a court of law, with its present modes, cannot, protect the rights and interests of all parties concerned": *Exchange Bank* v. *McLoon,* 73 Me. 498, 505. The subject is exhaustively treated in this case, and also in a masterly opinion by Judge Morrow in the case of *The Elmbank* (D. C.) 72 Fed. 610. See, also, *Texas West. Ry. Co.* v. *Gentry,* 69 Tex. 625 (8 S. W. 98); *Cook* v. *Genesee Mutual Ins. Co.* 8 How. Prac. 514; *Superintendent of Schools* v. *Heath,* 15 N. J. Eq. 22. So that the rule against the splitting up of a demand, and denying the assignee a right of action for a part only of the claim, does not deny the right to sell and transfer an undivided part thereof, or

militate against or inhibit the enforcement of the right of such an assignee in a court of equity ; and, if all the owners unite in one suit upon it, the fact of the assignment of a part constitutes no defense: *Whittemore* v. *Judd L. & S. Oil Co.* 124 N. Y. 565 (27 N. E. 244, 21 Am. St. Rep. 708).

Now, arguing from these principles and premises, defendant contends that the insurance company, by its subrogation assignment, has but an equitable interest in the demand of the warehouse company against the defendant for the damages, enforceable alone in equity, and that there remains but an equitable interest in the warehouse company, enforceable alike only in equity, and that, though the insurance company and the warehouse company have joined as plaintiffs, the proceeding is still equitable, and not one cognizable in a court of law. It should be remarked in this connection that the alleged assignment confers no greater right than was conferred by operation of the subrogation to which the insurance company was entitled after having paid the amount of its insurance. Plaintiffs' coun-. sel, upon the other hand, contend that, having united their interest by joining as plaintiffs in a common cause, the proceeding is at law, and not in equity, and was rightfully maintained. This points the exact difference between the parties. If a part, being assigned, should be re-assigned to the original owner, or the owner should assign the balance of his demand to the assignee of a part, the remedy for the enforcement of the whole would undoubtedly be in a court of law, and the objection that the cause had been split could not obtain, as the action would be single, and not contrary to the obligation of the debtor. The equities carved out of the legal entity would thus disappear, and become again merged in the holder of the entire demand, and he would be relegated to a court of law. The argument of counsel for plaintiffs is that the same result would, in effect, follow if the parties all joined as plaintiffs to en-

force the demand. Whether this is so as a general rule we
are not called upon to inquire, but that it is so in a case
like the present seems to be supported by authority. The
relations existing between the insured and the insurer are
peculiar in themselves. In respect to the ownership of
the property, and the risk incident thereto, from the time
of the insurance, the insurer has a pecuniary interest in
the thing insured, and the owner and the insurer are con-
sidered but one person, having together the beneficial right
to the indemnity due from one who is responsible for the
loss. The insurer stands practically in the position of
surety to the owner, stipulating that the property should
not be lost or destroyed in consequence of the peril insured
against, and whenever he has indemnified the owner for
the loss he is entitled to all the means for indemnity which
the satisfied owner held against the party primarily liable.
The right rests upon familiar principles of equity — the
doctrine of subrogation, which is dependent not at all upon
privity of contract, but is worked out through the inherent
right of the owner or creditor.

"The liability of the railroad company is, in legal effect,"
says Mr. Chief Justice SHAW, in a case similar to the present,
"first and principal, and that of the insurer secondary, not
in order of time, but in order of ultimate liability": *Hart* v.
*Western R. Corp.* 13 Metc. (Mass.) 99, 105 (46 Am. Dec.
719). To the same purpose, see also, *Hall* v. *Railroad Co.* 80
U. S. (13 Wall.) 367; *St. Louis, I. M. &. S. Ry. Co.* v. *Commer-
cial Ins. Co.* 139 U. S. 223 (11 Sup. Ct. 554); *Norwich Union
Ins. Soc.* v. *Standard Oil Co.* 59 Fed. 984 (8 C. C. A. 433).
The subrogation is not the equivalent of an assignment.
It is the putting of one party in the place of another —
the party who pays the debt in the place of the creditor —
allowing the former to enter into the rights of the latter:
Bouvier's Law Dict.; *Marine Ins. Co.* v. *St. Louis, I. M. &
S. Ry. Co.* (C. C.) 41 Fed. 643. If the insurance equals or

exceeds the amount of the loss, and the loss is wholly paid by the insurer to the owner, the subrogation operates as an equitable assignment, and gives to the insurer a right of action at law, which he could formerly maintain under the common law in the name of the insured, but which he must now maintain under the Code in his own name; he being the real party in interest. The owner, having no interest remaining, is without any right of action, nor can he by any act of his defeat the right of the insurer: *Connecticut F. Ins. Co.* v. *Erie R. Co.* 73 N. Y. 399 (29 Am. Rep. 171); *Swarthout* v. *Chicago & N. W. Ry. Co.* 49 Wis. 625 (6 N. W. 314); *Pratt* v. *Radford*, 52 Wis. 114 (8 N. W. 606); *Allen* v. *Chicago & N. W. Ry. Co.* 94 Wis. 93 (68 N. W. 873); *Norwich Union Ins. Soc.* v. *Standard Oil Co.* 59 Fed. 984 (8 C. C. A. 433). So, the rule was formerly declared to be that, when the value of the property exceeds the insurance money paid, the action must be brought in the name of the assured: *Ætna Ins. Co.* v. *Hannibal & St. Jo. R. Co.* 3 Dill. 1; *Norwich Union Ins. Soc.* v. *Standard Oil Co.* 59 Fed. 984 (8 C. C. A. 433), and cases there cited. In such case, "an assignment of the claim," says Mr. Wood, "cannot be enforced, but the assured becomes trustee for the insurer, and by necessary implication the payment of the loss operates as an equitable assignment to the insurer to the extent of the sum paid under the policy": 2 Wood, Ins. (2 ed.) § 499. This by right of subrogation, for the learned author is discussing the doctrine as invoked in insurance cases. The result is that there is not a splitting of the claim, either in a legal or equitable sense. The insurer, it is true, acquires an interest in the claim purely equitable, but he bears the relationship of *cestui que trust* to the insured as trustee. The interest acquired is with the owner, and in the cause of action that he has, but it does not give rise to a new and separate cause of action. Thus the insurer and the insured become jointly inter-

ested in a single liability or cause of action, and united they are the real parties in interest, and entitled in that capacity to prosecute a joint action against the wrongdoer. Until the loss is paid, the insurer can have no right of action against the wrongdoer, but, having paid it, he is subrogated to the right of the insured to the extent of the payment. If it covers the entire loss, his right of action becomes absolute at law, and he must now bring it in his own name; but, if it covers a part only, his subrogation entitles him to an interest merely equitable, which he has and holds in joint capacity with the assured, and they together may maintain an action for the entire loss against the wrongdoer. Such has been the determination of this court in two cases: *State Ins. Co.* v. *Oregon Ry. & Nav. Co.* 20 Or. 563 (26 Pac. 838), and *Home Mut. Ins. Co.* v. *Oregon Ry. & Nav. Co.* 20 Or. 569 (26 Pac. 857, 23 Am. St. Rep. 151).

It is insisted, however, that what was said in those cases upon the subject was not necessary to a determination of the controversy involved, and therefore that they are not authoritative as precedents. In the State Insurance Company Case, the precise question was whether the company, having paid under its policy of insurance, being but a part of the loss sustained, could prosecute an action singly against the railroad company for the amount paid by it to the assured, and it was held that it could not. The very same contention, however, was maintained by counsel for the railroad company at the hearing there as is urged here, and in response thereto the court, speaking through Mr. Justice Lord, said: "There is but one wrongful act complained of, causing one loss and creating but one liability. It is a single wrongful act, giving rise to but one liability upon a claim which is indivisible. It is immaterial whether the insurer acquires his right or interest by subrogation or assignment. When the property de-

stroyed exceeds the value of the insurance money paid, he only acquires a joint right or interest with the owner of such property in a single cause of action or liability. Where there is but one liability or cause of action, those united in interest must adjust their loss in a single action." And again: "While at common law this liability would be enforced in the name of the insured, under the Code, except where the insurance company has paid the full value of the property, the loss of which was occasioned by the negligent act complained of, and the insurer (insured) by reason thereof has no interest, the insurer and owner of the property may join to recover the whole loss in one action. Together they have a united interest in a single cause of action or liability to which the negligent act of the defendant gave rise. The insurer acquires, not a new and separate cause of action, but only a right or interest with the owner of the property in a single cause of action or liability, and cannot, therefore, in such case, sue in his own name alone. It is upon this principle, which preserves the indivisibility of the action arising out of one loss and one liability, that under the old practice the action would have been brought in the name of the insured for the benefit of all concerned; but, the Code requiring the action to be brought in the name of the real party in interest, the insurance companies and owners of the property destroyed, constituting such party, would have to join in the recovery. In other words, the insurance companies would join the owner in bringing one action to determine the liability of the defendant." If the issue did not really arise from the facts of the case, it was argued and insisted upon, and was at least germane to a discussion of the real question; and, having received careful consideration, the determination is persuasive and forcible as argument, if not, in legal effect, as a precedent.

45 OR.——5

The Home Mutual Insurance Company Case was a similar action. The defendant answered that the owner had previously sued the railroad company for the damages occasioned by its negligence, and had recovered; that the railroad company had paid the judgment in full, whereby the owner had been fully compensated; and that he held the money thus obtained in trust for the insurer; and, for a further defense, set up that by virtue of the commencement of the action the insurance company had full knowledge of the destruction of the property, that the action was about to be commenced, and was requested by the owner to prosecute or join with him in the action, but refused, and disclaimed any interest therein, and that the defendant had not, prior thereto or at the time of the commencement or trial of said action in the trial court, any knowledge of the insurance, or that the insurance company had paid the assured anything upon his policy. To each of the separate answers a demurrer was filed and overruled, and the question in this court was as to the correctness of the rulings. It will be noted that the further answer did present the question whether the owner should be joined with the insurance-company in bringing the action. What the contention of the counsel was at the hearing, the record does not disclose, but the court, again speaking through Mr. Justice LORD, after an exhaustive review of the authorities, said: "From all this the conclusion results that, where the wrongful act is single and indivisible, there can be but one liability or cause of action. Since the Code, the cause of action remains as before, single and indivisible, and the insurer acquires only a right or interest with the owner of the property in the cause of action or liability, and not a new and separate cause of action. He cannot, therefore, sue in his own name alone, in any case, under the Code, except where the amount paid by him has exceeded or equaled the value of the property de-

stroyed, and no interest remains in the owner. When the amount of the insurance money paid is less than the value of the property destroyed by the negligent act, all the au-thorities agree that the insurer must either sue in the name of the insured, or join with him in bringing an action against the wrongdoer. None allows that in such case he can sue in his own name alone, for the reason that the wrongful act is single and indivisible, and gives rise to but one liability or cause of action. In that cause of action he acquires a joint right with the owner therein, and not a new and separate right of action, and therefore must prosecute it jointly with him. They have a joint interest in a single liability, and united are the real parties in interest." Thus it is that the principles and doctrines here discussed have received ample and exhaustive considera-tion in these cases, and the conclusion reached is so cogent and impressive that we feel bound by it, and hence con-clude that this case was properly instituted by the insurer and assured jointly. The judgment was single against the defendant, and what is said in the complaint as to the damages sustained respectively by the joint plaintiffs did not change the nature of the action, and, being mere sur-plusage, was properly disregarded. These considerations affirm the judgment of the trial court, and it is so ordered.

AFFIRMED.