Submitted on brief October 14; reversed November 10, 1932

# SALZWEDEL *v.* PINKLEY ET AL.

## (15 P. (2d) 718)

See 14 R. C. L. 1404 (5 Perm. Supp., 3837).

*Robert F. Maguire* and *Theodore Opsund,* both of Portland, for appellants.

*Schuebel & Beattie,* of Oregon City, for respondent.

BELT, J.  This action was commenced on June 30, 1931, to recover damages to personal property alleged

to have been destroyed by fire through the negligence of the defendants. At the time of the fire, on the 25th day of August, 1929, the defendants were engaged in threshing grain for the plaintiff. The threshing machine was so placed as to blow or discharge straw into plaintiff's barn. Plaintiff charges that the defendants were negligent in the operation of the machine in that they failed to oil its bearings, thereby causing a "hot box" which resulted in setting fire to the straw blown into the barn.

Defendants, as a plea in abatement, allege in substance that the barn was insured against loss by fire, with the Farmers Fire Relief Association of Portland, Oregon, in the sum of $800, and that, on September 3, 1929, the insurance company paid to the plaintiff, after proof of loss had been made by him, the full amount due under the policy. Defendants aver that, by reason of such payment, the insurance company has been subrogated to the rights of the plaintiff and that it is a necessary party to this action.

As a second further answer and defense, defendants deny the negligence charged or that the barn became ignited through any fault or negligence on their part.

As a third further answer and by way of counterclaim, the defendants allege that they performed services in threshing plaintiff's grain which were of the reasonable value of $16.20.

As a fourth answer and by way of counterclaim, defendants allege, in brief, that the fire was caused through the negligence of the plaintiff and that the threshing machine which was destroyed as a result of this fire was reasonably worth, after deducting the value of certain salvaged parts, the sum of $816.

After the trial court overruled the demurrer of plaintiff to defendants' plea in abatement, the plaintiff filed his reply admitting payment of $800 to him by the insurance company on account of the destruction of the barn by fire and specifically waived "the first $800 damages to the plaintiff's barn as alleged in the plaintiff's complaint." The remainder of the affirmative matter alleged in the various answers of the defendants were denied by the plaintiff.

After the issues were thus made under the pleadings, the defendants moved to have the plea in abatement determined before their plea in bar and counterclaim were considered, but the trial court denied such motion.

The cause was submitted to a jury and a verdict and judgment had in favor of the plaintiff and against the defendants in the sum of $575. Defendants' appeal is based solely upon the various rulings of the court relative to the alleged plea in abatement.

When the insurance company paid the plaintiff $800 for loss of his barn by fire, it became subrogated pro tanto to the rights of the plaintiff: 14 R. C. L. 1404; Richards on the Law of Insurance (4th Ed.), § 52. Any damage which the plaintiff recovered not in excess of the amount thus paid under the policy would be held in trust for the insurer. It will be observed that the value of the property as alleged was in excess of the amount of insurance. Hence, under the well-settled rule in this jurisdiction, the insurance company was a proper and necessary party to the action: *Home Mutual Ins. Co. v. O. R. & N. Co.*, 20 Or. 569 (26 P. 857, 23 Am. St. Rep. 151); *Fireman's Ins. Co. v. O. R. & N. Co.*, 45 Or. 53 (76 P. 1075, 67 L. R. A. 161, 2 Ann. Cas. 360); *Olds v. Von der Hellen*, 127 Or. 276 (263 P.

907, 270 P. 497). Plaintiff and the insurer had a joint interest in the damages arising out of this single liability. There could not be a complete determination of the controversy without a joinder of the necessary parties to the action. It was the duty of the plaintiff to make the insurance company a party when timely objection was made on account of defect in parties. The trial court was right in overruling the demurrer of plaintiff to the plea in abatement. It should have followed through by directing the joinder. The fact that the insurance company did not, on its own motion, intervene, is beside the question.

■ The mere fact that plaintiff saw fit to waive his interest in the claim of damages to the extent of $800 on account of loss of the barn could not affect the rights of the insurer nor the right of the defendants to insist that the controversy be settled in one action as contemplated by law. After joinder of the necessary parties, plaintiffs should have demanded full damages for the loss sustained and a separate finding should have been submitted to the jury relative to the amount of damages sustained by reason of the loss of the barn. It is noted that the property other than the barn was not insured. As the issues were submitted, it is impossible to ascertain from the general verdict whether any amount was allowed by the jury on account of the destruction of the barn.

■ It is asserted, however, that defendants are not injured as the insurer could not subsequently maintain an action against them for the reason that it would be barred by the statute of limitations. This does not alter the fact that the insurer was a necessary party and that defendants were entitled to a complete determination of the controversy in one action. Such con-

tention misconceives the purpose and spirit of the statute in requiring the action to be maintained by the real parties in interest.

The judgment of the lower court is reversed and the cause remanded for a new trial.

CAMPBELL, J., concurs in the result.