Argued April 3, affirmed May 1, 1957

## WATERS *v.* BIGELOW ET AL

310 P. 2d 624

*Norman L. Easley* argued the cause for appellant. On the brief were Easley & Whipple, Portland.

*Wayne A. Williamson,* Portland, argued the cause for respondents. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before PERRY, Chief Justice, and ROSSMAN, BRAND and McALLISTER, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from an order of the circuit court which sustained a plea in abatement entered by the defendant, James A. Bigelow, and thereupon dismissed the complaint as to him. The appeal is not concerned with the other defendant, Oscar Winesap. The action was instituted by the plaintiff to recover damages for injuries incurred by a truck and trailer in a collision with a vehicle owned by the defendant-respondent Bigelow and driven by the other defendant, Winesap. The complaint alleged that the damages resulted from the negligent acts of the defendants and prayed for judgment in the amount of $5,876.92.

Defendant Bigelow answered by way of a plea in abatement that plaintiff had recovered all or a part of his damage from an insurance company under a policy of "collision" insurance; that the insurance company had thereby become subrogated to the rights of the plaintiff for the damage; and that the insurance company was, accordingly, a necessary party to the action. Upon a hearing, plaintiff admitted that a portion of his damage had been paid by his insurance carrier. The court thereupon allowed the plea in abatement and entered the challenged judgment.

■ The single question before this court, then, is whether an insured, who sues an alleged tort-feasor for the full amount of the damage allegedly sustained, must, upon the objection of the tort-feasor, join as a party to the action insured's insurance carrier when the latter has already paid a portion of the insured's loss.

ORS 13.030 declares:

"Every action or suit shall be prosecuted in the name of the real party in interest * * *."

This court has ofttimes indicated that that provision requires mandatory joinder of the insurance carrier under the present circumstances.

*State Insurance Co. v. Oregon Ry. & Nav. Co.*, 20 Or 563, 26 P 838, was an action brought by the insurance carrier to recover from the tort-feasor the amounts which the carrier had paid to the insured. Those payments were less than the insured's total damage. It was held that the carrier could not bring the action alone, but would have to join with the insured if it desired to be a party to the action. Speaking of the insured and its carrier, the court said:

"* * * Together they have a united interest in a single cause of action or liability to which the negligent act of the defendant gave rise. The insurer acquires, not a new and separate cause of action, but only a right or interest with the owner of the property in a single cause of action or liability, and cannot, therefore, in such case, sue in his own name alone. It is upon this principle, which preserves the indivisibility of the action arising out of one loss and one liability, that under the old practice the action would have been brought in the name of the insured for the benefit of all concerned; but, the Code requiring the action to be brought in the name of the real party in interest, the insurance companies and the owners of the property destroyed constituting such party, would have to join in the recovery."

*Home Mutual Insurance Co. v. Oregon Ry. & Nav. Co.*, 20 Or 569, 26 P 857, arose under facts similar to those in the State Insurance Co. case, except that the insured had already recovered from the defendant an amount equal to the difference between the total damage and its recovery from the insurance carrier. The

court held that the carrier could not prosecute the action without joining the insured. It remarked:

"* * * where the property is insured for less than its value, and is destroyed by the negligence of a third party, the insurance companies, who have paid the owner the insurance money, must be joined with him in an action to recover damages for the destruction of such property, and * * * upon a refusal of such parties to join as plaintiffs, they must be made defendants."

*Firemen's Fund Insurance Co. v. Oregon Ry. & Nav. Co.*, 45 Or 53, 76 P 1075, 67 LRA 161, was an action in which the insurance carrier paid insured a part of the loss and then both joined in an action against the tort-feasor. The court held that under those circumstances

"the insurer and the insured become jointly interested in a single liability or cause of action, and united they are the real parties in interest, and entitled in that capacity to prosecute a joint action against the wrongdoer."

It was added that if payment by the insurance carrier covers a part of the loss only

"his subrogation entitles him to an interest merely equitable, which he has and holds in joint capacity with the assured, and they together may maintain an action for the entire loss against the wrongdoer."

The court was answering defendant's contention that plaintiffs had been improperly joined and its use of the word "may", therefore, does not imply a holding that the joinder is merely permissive.

*Olds v. Von der Hellen*, 127 Or 276, 263 P 907, 270 P 497, was an action in which plaintiff, the insured, had been paid $1,500 by his insurance carrier for a loss,

which allegedly totaled $4,000. Plaintiff asked for and recovered judgment for $2,500. The court first held that, although plaintiff should have recovered the full amount of his loss without deducting the amount received on the insurance, the judgment would be allowed to stand because the total loss was $2,500 and not $4,000. Upon rehearing, the court held that, although the deduction was not proper, it was, nevertheless, what the plaintiff had asked for, and his recovery was ordered reduced to $1,000. The court said that "Plaintiff should have joined the insurance company with him in this action and demanded the full amount of the damage suffered." It added: "The complaint was demurrable on the ground of defect of parties."

*Salzwedel v. Pinkley*, 140 Or 671, 15 P2d 718, was an action by the insured against the tort-feasor. Plaintiff's insurer had paid him $800, the full amount of the policy (fire insurance) and, therefore, plaintiff prayed for judgment in the amount of his loss less $800. Defendants entered a plea in abatement on the ground that the insurer was a necessary party to the action, but the court refused to rule on it before their plea in bar and counterclaim were considered. Plaintiff won judgment for $575. The judgment was reversed and the cause remanded for a new trial. This court said:

"* * * It will be observed that the value of the property as alleged was in excess of the amount of insurance. Hence, under the well-settled rule in this jurisdiction, the insurance company was a proper and necessary party to the action: * * * Plaintiff and the insurer had a joint interest in the damages arising out of this single liability. There could not be a complete determination of the controversy without a joinder of the necessary parties to the action. It was the duty of the plaintiff to

make the insurance company a party when timely objection was made on account of defect in parties. The trial court was right in overruling the demurrer of plaintiff to the plea in abatement. It should have followed through by directing the joinder."

The Salzwedel case is persuasive. It is, however, possible to distinguish it from the case at bar if one accepts the distinction recognized in *Bryan v. Southern Pacific Co.*, 79 Ariz 253, 286 P2d 761. It was there pointed out that if the insurance payment covers the loss only partially, the insurance company should be forced to join only where the insured sues for the portion of the loss not compensated by the insurer. Thus, the Arizona court agreed with the result of the Salzwedel case, but the rule which it employed would not require joinder in the present case. However, this court has not recognized the distinction which is pointed out in the Bryan decision.

The above completes a review of the Oregon decisions which have spoken upon the point at issue. None of them are direct holdings that the insurance company must be joined in like circumstances. However, the statements contained in them indicating that the joinder procedure is mandatory, reiterated as they have been many times, are not lightly to be cast aside.

One further decision should be mentioned. *Furrer v. Yew Creek Logging Co.*, 206 Or 382, 292 P2d 499, was an action to recover for property damage. Plaintiff had received $4,850 from his insurance carrier as a loan to be repaid only to the extent of any recovery the plaintiff might make from defendant. Defendant filed a plea in abatement, contending that the insurance company was a real party in interest and should be joined as a party plaintiff. The plea was denied, but, after plaintiff won a judgment in the amount of

$9,738.98, the court granted a new trial because it was of the opinion that the insurer was a necessary party. This court reversed, with directions to reinstate the judgment in favor of plaintiff. It was held that the money received by the insured was a loan and not payment under the policy and that, therefore, the insurance company was not a subrogee and was not a real party in interest. See *Sosnow, Kranz & Simcoe v. Storalli Corp.*, 269 App Div 122, 54 NYS2d 780, aff. 295 NY 675, 65 NE2d 326. It is implicit that had the loan not been given effect, the lower court's ruling as to the necessity of plaintiff's joining the insurance company, upon objection by defendant, would have been upheld.

■ Plaintiff states that if the insurance company refused to join as a plaintiff, the insured would be without a remedy at law because ORS 113.170, the compulsory joinder statute, applies only to suits in equity. It has long been held, however, that unwilling plaintiffs can be joined as defendants at law as well as equity. *Williams v. Pacific Surety Co.*, 66 Or 151, 127 P 145, 131 P 1021, 132 P 959, 133 P 1186; *Williams v. Pacific Surety Co.*, 70 Or 203, 139 P 934; *Rorvik v. North Pacific Lumber Co.*, 99 Or 58, 190 P 331, 195 P 163; and see ORS 1.160.

The judgment is affirmed.