Argued June 7, affirmed September 8, 1972

AMERICAN TIMBER & TRADING CO., *Appellant,*
*v.* FIRST NATIONAL BANK OF OREGON,
*Respondent.*

BERNARD ET AL, *Appellants, v.* FIRST
NATIONAL BANK OF OREGON, *Respondent.*

500 P2d 1204

2

*Henry A. Carey, Jr.* and *Gerson F. Goldsmith,* Portland, argued the cause for appellants. With them on the briefs were Carey & Stoll, and Goldsmith, Siegel & Engel, Portland.

*Norman J. Wiener,* Portland, argued the cause for respondent. With him on the brief were Fredric A.

Yerke, R. Alan Wight, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

*Jay Folberg* and *Laird C. Kirkpatrick,* Portland, submitted briefs amicus curiae on behalf of the Legal Aid Service, Multnomah Bar Association.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, BRYSON, and SCHWAB, Justices.

HOLMAN, J.

Plaintiff American Timber and Trading Co. brought this action on behalf of itself and all persons similarly situated. The other named plaintiffs, having a similar claim, were allowed to intervene. Defendant, First National Bank of Oregon, filed a motion which was treated by the parties and the trial court as a demurrer. The demurrer was sustained and plaintiffs, after failing to plead further, appealed from an order dismissing their complaints.

Plaintiffs allege they borrowed money from defendant bank and agreed to pay interest at a specified yearly rate. They contend that the bank, without disclosure to them, charged interest at a higher rate than that agreed upon for the money borrowed. They allege that their interest was computed as if there were only 360 days in the year rather than 365 days. To state it differently, they contend that, contrary to their contract, they were charged at the rate of 365 days' interest for each 360 days of borrowed money.

Plaintiffs further allege that there are many thousands of persons similarly situated who have borrowed money and who have been overcharged in exactly the same manner by defendant and that, unless a

class action is permitted for the benefit of all, defendant will be unjustly enriched to the extent of several million dollars because the amount of money due each borrower is so small that litigation would not otherwise be justified.

Three questions are raised on appeal: (1) was the order of the trial court an appealable order? (2) may a class action (as differentiated from a class suit) be brought at law in Oregon? and (3) if a class action may be brought, do plaintiffs' complaints allege sufficient facts upon which to base such an action?

■ Defendant's motion was to dismiss that part of plaintiffs' complaints which pleaded a class action. Without objection by either party, the trial court treated defendant's motion as a demurrer and dismissed the complaints when the court decided that the case could not continue as a class action. It is defendant, not plaintiffs, who is now objecting to its own motion being treated as a demurrer. However, the only parties who could have been harmed by the court's so treating the motion were plaintiffs, who, by the order of dismissal, not only have been prevented from proceeding with a class action but also have been deprived of the opportunity of proceeding as individuals with their own claims. Plaintiffs, if they wish, may refuse to amend their complaints, appeal from the order of dismissal, and waive their rights to proceed with their individual claims if they cannot proceed with a class action.

Defendant contended and the trial court agreed that the Oregon statute dealing with class proceedings, ORS 13.170, does not authorize class *actions* as distinguished from class *suits*. The statute provides:

"Parties to a suit who are united in interest must

be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the complaint. When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impractical to bring them all before the court, one or more may sue or defend for the benefit of the whole."

The statute as it currently appears contains two sentences: the first deals with compulsory joinder; the second, with representative proceedings. It is directly traceable to the New York Code of Procedure of 1848, commonly called the Field Code. The original Field Code enacted the compulsory joinder provision, and, one year later, in 1849, the provision concerning representative proceedings was added. The representative proceedings provision was a statutory enactment of earlier equity rules, and the language appears to have been taken from a statement made by Mr. Justice Story in his work on equity pleadings[1] which was published approximately ten years prior to the adoption of this amendment. The apparent intention of the 1849 amendment to the Field Code was to apply the equity rules concerning representative proceedings to actions at law.[2]

The Oregon statute was enacted in 1862 as part of this state's original Code of Civil Procedure with only one major change from the Field Code. The word "action" was deleted and the word "suit" substituted.

---

[1] Story's Equity Pleading (2d ed 1840). For a history of the Field Code, see Blume, The "Common Questions" Principle in the Code Provision for Representative Suits, 30 Mich L Rev 878 (1932).

[2] Blume, supra note 1. Tobin v. Portland Mills Co., 41 Or 269, 276, 68 P 743, 68 P 1108 (1902).

6

Except for editing through the years, the statute has remained in the same form. In the 1953 recodification a period was substituted for a semicolon between the compulsory joinder provision and that part relating to representative proceedings. Because the word "suit" appears in only what is now the first sentence, which concerns compulsory joinder, an argument can be made that "suit" has no application to the following sentence, which concerns representative proceedings. This is not a valid argument. As enacted, the statute was all one sentence, and no change in meaning can be derived from the editing resulting from the 1953 recodification.[9] We believe it worth while to set forth the statute as it was originally enacted:

> "Of the parties to the suit, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff, cannot be obtained, he may be made a defendant the reason thereof being stated in the complaint; and when the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole." Oregon Code of Civil Procedure § 381, 1862 General Laws.

Pomeroy, in his discussion of the Field Code, was of the opinion that the representative proceeding part of the Oregon statute is applicable only to equitable proceedings. This is evidenced by the words "limited to equitable actions" which appear in that part of a footnote listing Oregon as one of the states adopting a representative proceeding provision similar to the Field Code.[10]

---

[9] Oregon Laws 1953, ch 625, § 3 (2).

[10] Pomeroy, Code Remedies 88 n. 13, § 55.

■■ In addition, the Code of Civil Procedure as it was enacted by the 1862 legislature separated the procedural rules relating to actions from those relating to suits. The statute in question was enacted as part of the equity section. An examination of the code as it was enacted by the legislature leaves no doubt that the contents of this particular statute were intended to apply exclusively to equity procedure. In 110 years of practice under the statute, there is no record of any prior contention that a representative proceeding can be brought at law. All recorded cases in this state deal with suits in equity.[9] We are forced to conclude that there is no provision under Oregon practice for a class action at law, and that the trial court, therefore, was correct in sustaining the demurrer.

Plaintiffs contend that other Field Code jurisdictions have applied the statute to actions at law and, therefore, Oregon should. The wording of the statute was not changed in those jurisdictions as it was in Oregon, and the statutes of other states do not have the legislative history just recited to which the Oregon statute is subject.

Plaintiffs also contend that in two instances we have construed the word "suit," in reference to the compulsory joinder part of the statute, to include an action at law. They argue that since it has been so construed as it relates to compulsory joinder, there is

---

[9] Intl. L. and W. Union v. Harvey Al. et al, 226 Or 94, 359 P2d 112 (1961); Lonsford et al v. Burton et al, 200 Or 497, 267 P2d 208 (1954); Mursener v. Forte et al, 186 Or 253, 274, 205 P2d 568 (1949); Duke v. Franklin, 177 Or 297, 162 P2d 141 (1945); Tobin v. Portland Mills Co., 41 Or 269, 68 P 743, 68 P 1108 (1902); Liggett v. Ladd, 17 Or 89, 21 P 133 (1888); Trustees of M. E. Church v. Adams, 4 Or 76 (1870).

no reason for not so construing it as it relates to representative proceedings. These two cases upon which plaintiffs rely are *Waters v. Bigelow et al*, 210 Or 317, 310 P2d 624 (1957); and *Williams v. Pacific Surety Co.*, 66 Or 151, 127 P 145, 131 P 1021, 132 P 959, 133 P 1186 (1913).

In *Williams* the plaintiff was a co-obligee on a surety bond given to secure the performance of a contract by one who had defaulted. The other obligee on the bond refused to join as a party plaintiff in an action to recover thereon and was made a party defendant. The only issue was whether plaintiff could bring an *action* without joining his co-obligee as a plaintiff. The court stated that no provision was made in the code to cover such a situation. Thus, the court apparently concluded that the provision of ORS 13.170, which provided that if the consent of anyone who should be joined as a plaintiff could not be secured, he might be joined as a party defendant, did not apply to actions at law. However, the court proceeded to allow the joining of the uncooperative obligee as a defendant in an action at law, saying:

"Article I, Section 10, of our Constitution provides that 'every man shall have remedy by due course of law for injury done him in person, property or reputation,' and in pursuance of this provision (Section 983, L.O.L.) [ORS 1.160] provides that 'when jurisdiction is, by the organic law of this state, or by this code, or by any other statute conferred upon a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of the proceeding be not specifically pointed out by this code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code.' This wipes out

common-law procedure, as such, with all its delays and technicalities, and leaves the court free to adopt such common-law procedure when in conformity with the spirit of the code, and to reject it when a procedure better calculated to facilitate the administration of justice presents itself * * *." 66 Or at 155-56.

In *Waters* the question was whether an insurance company, which had reimbursed part of a loss to its insured, had to be joined as a party plaintiff with the insured when the insured brought an action for damages against the tort-feasor who caused the loss. The court held that the insured had to be joined. The insured suggested that he would be without a remedy if the insurer was unwilling to join as a party plaintiff (there was no evidence that the insurer would not so join) because ORS 13.170 allowed making a necessary but unwilling plaintiff a party defendant only in a suit in equity. In response, the court said "[i]t has long been held, however, that unwilling plaintiffs can be joined as defendants at law as well as equity." 210 Or at 323.

It is our conclusion that this court did not interpret ORS 13.170 to permit the joinder of a necessary but unwilling plaintiff as a party defendant in an action of law. It did not hold, therefore, that "suit" as used in the statute also encompassed action. The two opinions recognize that ORS 13.170 is not applicable and conclude, instead, that under ORS 1.160 the court could authorize the necessary procedure to enable the plaintiffs to bring the cause of action which the law provided.

■ Plaintiffs' next contention is one which follows naturally from the two opinions discussed above. They

contend that ORS 1.160 permits the court to authorize class actions at law. The statute provides:

> "When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

In effect, plaintiffs contend the course of proceeding which the law now provides is inadequate because of the smallness of each individual claim and ask this court to establish a new procedure which plaintiffs contend is more adequate. An action at law is available to each individual who has suffered an overcharge, the particular forum depending upon the amount of the claim. Traditionally, the formation of procedural rules in this state has been considered to be a function of the legislature. Where a procedure at law has been provided for the vindication of a claim, we do not believe it to be our function under the statute to provide another procedure at law in a situation in which the legislature considered the other procedure and has limited its use to equitable proceedings.[⊕]

■ Plaintiffs next contend that there is no rational basis for allowing a class action in equity while denying such a remedy in an action at law. We disagree. The legislature could well have decided that the simul-

---

[⊕] Although it is not the basis for our opinion, plaintiff American Timber contends its claim is $1,015 and the Bernards contend theirs is $575. These amounts are not so small that they must be joined to other claims to justify bringing action for their recovery.

taneous decision of a vast number of individual claims was not a suitable function for a jury.

■ Lastly, plaintiffs contend that because their complaints request relief on behalf of a class consisting of thousands of borrowers who would otherwise be denied a remedy, plaintiffs have stated a case for equitable relief and, therefore, the provisions of ORS 13.170 apply. The actions involved here are ones for the recovery of money for breach of contract or for money had and received, and the relief requested is not equitable, but is for a judgment in excess of $6,000,000 and attorneys' fees. We are sure that this is not the kind of situation which the legislature had in mind when it enacted the representative proceeding portion of ORS 13.170.

Because of our conclusion that there is no such thing as a class action in Oregon, it is unnecessary for us to decide whether the allegations of plaintiffs' complaints would sufficiently state such an action.

The judgment of the trial court is affirmed.