Argued and submitted October 6, 1999, reversed and remanded for new trial
January 26, 2000

GROWERS REFRIGERATION CO., INC.,
an Oregon corporation;
and Continental Insurance,
a corporation,
*Appellants,*

*v.*

PACIFIC ELECTRICAL CONTRACTORS, INC.,
an Oregon corporation,
*Respondent.*

(95-2582-L-1; CA A104720)

996 P2d 521

Randall C. Johnson, Jr., argued the cause for appellants. With him on the briefs were Benjamin M. Bloom and Hornecker, Cowling, Hassen & Heysell and Peery, Hiscock, Pierson, Kingman & Peabody.

Thomas F. Armosino argued the cause for respondent. On the brief were William V. Deatherage and Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

The trial court ruled that plaintiff's insurer was subrogated to plaintiff's negligence claim. The court accordingly ordered that the insurer be added as a named plaintiff in this action. The case proceeded to trial, and the jury returned a verdict in defendant's favor. Plaintiffs appeal, challenging the trial court's subrogation ruling. We reverse and remand.

Continental Insurance Company insured plaintiff, Growers Refrigeration Co., Inc. When a fire destroyed Growers' cold storage facility, Continental issued progress payments to Growers for its losses. Growers signed a receipt for the payments, which both stated that Growers was subrogating Continental to any claim it might have and also authorized Continental to file an action in Growers' name.

Growers filed a negligence action against defendant. In its answer, defendant alleged that Growers was not the real party in interest because Continental had paid Growers for its loss and had become subrogated to its rights. Several months after defendant filed its answer, Growers and Continental executed a loan receipt stating that the payments Growers had received were a loan. Continental also filed a ratification of Growers' action against defendant pursuant to ORCP 26 A.

The trial court found that Growers intended to subrogate Continental to its claims. The court concluded that neither the later executed loan receipt nor the ratification was sufficient to change that finding. It accordingly ruled that Continental should be named as a plaintiff, along with Growers, in this action. The jury returned a verdict in favor of defendant. Growers and Continental appeal from the resulting judgment.

The Oregon Supreme Court has long recognized that an insurer who makes payments to its insured and receives a loan receipt in return does not become subrogated to its insured's claims. *Waterway Terminals v. P.S. Lord*, 242 Or 1, 7-8, 406 P2d 556 (1965); *Furrer v. Yew Creek Logging Co.*, 206 Or 382, 389-90, 292 P2d 499 (1956). Defendant acknowledges those cases but argues that they apply only when the loan

receipt is executed contemporaneously with the payments. Defendant reasons that because the loan receipt in this case was executed long after Continental had made the progress payments to Growers, the loan receipt does not reflect their true relationship.

■ The Supreme Court held in *Waterway Terminals* that a later executed loan receipt is controlling even though the insurer has previously issued its insured drafts "purport[ing] on their face to be in full payment of the loss." 242 Or at 8. We made the same point more explicitly in *Northern Ins. Co. v. Conn Organ*, 40 Or App 785, 796-97, 596 P2d 605, *rev den* 287 Or 507 (1979):

> "[T]he existence of evidence that the transaction was not intended from the outset to be a loan or was not consistently treated as such is not conclusive. In *Waterway Terminals* there was such evidence, but the court held as a matter of law the loan receipt was controlling. We do not think this case can be meaningfully distinguished. Once the Supreme Court was persuaded to accept the *form* of a loan receipt as being the *substance* of the transaction, it had entered upon a course of logic that led inevitably to the *Waterway Terminals* conclusion."[1] (Emphasis in original.)

To paraphrase our earlier decision in *Northern Ins. Co.*, we do not think this case can be meaningfully distinguished from either that case or *Waterway Terminals*. Where, as here, defendant's limited interest in the relationship between Growers and Continental—assurance that it will be required to defend against this claim only once—is protected, the loan receipt is controlling. *See Northern Ins. Co.*, 40 Or App at 797; *accord* ORCP 26 A. Not only did the loan receipt preserve sole title to the cause of action in Growers' name, but the introduction of plaintiff's insurer into this case was prejudicial error even with the trial court's limiting

---

[1] We reached this conclusion in *Northern Ins. Co.* even though the trial court in that case had found that "the parties' intention was contrary to that expressed in the loan receipts." 40 Or App at 796.

instruction. *See Waterway Terminals*, 242 Or at 38 (instruction not sufficient to cure prejudice resulting from the introduction of plaintiff's insurance coverage).[2]

Reversed and remanded for new trial.

---

[2] Because it is not clear that the issue will arise on remand, there is no need to resolve the issue raised by plaintiffs' second assignment of error—whether plaintiffs presented a sufficient basis to the trial court to support their requested negligence *per se* instruction. *See Shahtout v. Emco Garbage Co.*, 298 Or 598, 605, 695 P2d 897 (1985) (defining the trial court's role in determining when such an instruction should be given).