Argued and submitted May 9, 2005; reassigned September 20, decision of
Court of Appeals reversed; judgment of circuit court affirmed October 19, 2006

Sandra CABA
and Floy Jones,
*Respondents on Review,*

*v.*

Anthony J. BARKER,
*Petitioner on Review.*

(CC 0107-07280; CA A118089; SC S51769)

145 P3d 174

Brian R. Talcott, Dunn Carney Allen Higgins & Tongue LLP, Portland, argued the cause for petitioner on review. With him on the briefs were Thomas H. Tongue and Madeleine S. Campbell.

Thomas W. Sondag, Lane Powell PC, Portland, argued the cause and filed the brief for respondents on review.

Before Carson,** Chief Justice, and Gillette, Durham, Riggs,*** De Muniz,**** Balmer, and Kistler, Justices.*****

GILLETTE, J.

---

** Chief Justice when case was argued.

*** Riggs, J., retired September 30, 2006, and did not participate in the decision of this case.

**** Chief Justice when decision was rendered.

***** Walters, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

In this case, two residual legatees[1] of a will brought an action against the lawyer who drafted it. Plaintiffs assert that, in addition to their status as residual legatees, they are the intended third-party beneficiaries of what they characterize as an "implied" promise that they allege that defendant made to testator in connection with that will. Plaintiffs further allege that defendant failed to carry out the terms of his implied promise to testator, that they suffered damages as a result of that failure, and that they have either a viable breach of contract claim or a viable negligence claim (or both) against defendant as a result. The trial court dismissed plaintiffs' complaint for failing to state claims for either breach of contract or negligence. The Court of Appeals reversed, holding that, under *Hale v. Groce*, 304 Or 281, 744 P2d 1289 (1987), plaintiffs sufficiently had alleged that they were intended third-party beneficiaries of promises associated with the drafting of testator's will and that they had alleged legally sufficient claims for losses suffered as a result of defendant's failure to perform in conformance with his implied promise. *Caba v. Barker*, 193 Or App 768, 93 P3d 74 (2004). We allowed review and, for the reasons that follow, reverse the decision of the Court of Appeals.

Because this is an appeal from a trial court order dismissing a complaint under ORCP 21 A(8),[2] we assume that all well-pleaded facts are true and give plaintiffs the benefit of all favorable inferences that reasonably may be drawn from those factual allegations. *See, e.g., Babick v. Oregon Arena Corp.*, 333 Or 401, 407, 40 P3d 1059 (2002) (stating standard of review). Plaintiffs' third amended complaint

---

[1] One of the plaintiffs in this case, Floy Jones, was not a residual legatee under testator's will. However, the complaint alleges that another of the residual legatees, Linda Cammann, assigned her claim against defendant to Jones. Accordingly, our references to "plaintiffs" in this opinion are to persons with claims as residual legatees.

[2] ORCP 21 A provides, in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: * * * (8) failure to state ultimate facts sufficient to constitute a claim[.]"

alleges that, in October 1999, Laura Carnese (testator) was suffering from the effects of a stroke. Charles Carnese (Carnese), testator's relative by marriage and a friend and former colleague of defendant, arranged for defendant to prepare testator's will. The resulting will designated Carnese as executor of the estate and named him as both a beneficiary of a cash gift and as a residual legatee along with plaintiffs and three others. Testator executed that will on October 22, 1999; she died the following month. Shortly after the court admitted the will to probate, a will contest was filed. The estate subsequently settled that will contest. The settlement diminished each residual legatee's share of the estate by $103,569.50.

Plaintiffs then filed the present breach of contract and professional negligence action against defendant. In addition to the facts recited above, plaintiffs alleged the following facts in support of their breach of contract claim:

"[D]efendant promised to prepare a will for [testator]. * * * Defendant knew that [testator's] estate plan included residuary bequests to plaintiff[s.]

"Defendant's promise to prepare [testator's] will *included an implied promise to make the will invulnerable to a will contest so as to achieve [testator's] plan to maximize gifts to residuary beneficiaries,* including [plaintiffs]. [Plaintiffs] were intended, donee beneficiaries of defendant's promises, *including his promise to prepare a will which would not be attacked by a will contest.*

"* * * * *

"The will contest would not have been filed if [testator's] will had been prepared by an independent lawyer. * * * *In preparing [testator's] will, defendant, under the circumstances, breached his implied promise to make the will invulnerable to a will contest, resulting in damages to plaintiffs,* who bring this breach of contract claim as intended donee beneficiaries of defendant's implied promise to [testator]."

(Emphasis added.)

Plaintiffs incorporated the above-mentioned allegations in their negligence claim, in which they also alleged that defendant had been negligent in several particulars

related to exposing testator's estate plan to a will contest and "failing to otherwise minimize the chances of a will contest being filed or the success of a will contest."

Defendant moved to dismiss both plaintiffs' claims, arguing that plaintiffs did not allege that defendant had made a specific contractual promise to render the will invulnerable to a contest. Defendant argued that an implied promise to do so is legally insufficient to support either of plaintiffs' claims or to establish that plaintiffs were intended third-party beneficiaries of defendant's contract with testator. The trial court agreed, concluding that an implied promise to make a will impervious to attack alleges only a professional duty that a lawyer owes to a client and not a duty that runs to nonclients.

Plaintiffs appealed, and the Court of Appeals reversed the trial court's decision. *Caba*, 193 Or App at 783. That court concluded that, under *Hale*, plaintiffs were classic "intended" third-party beneficiaries of defendant's promises, including the implied promise to act in a professionally competent manner. *Id.* at 779. Accordingly, the court concluded that plaintiffs properly had pleaded their breach of contract and negligence claims by alleging that defendant had breached "a promise to prepare a will that is 'invulnerable' to challenge." *Id.* at 782. We allowed defendant's petition for review.

Defendant argues to this court, as he did before the Court of Appeals, that plaintiffs must allege a specific and express promise before they may proceed against a lawyer in a third-party, nonclient action for either breach of contract or negligence. With respect to plaintiffs' breach of contract claim, however, defendant also argues that a promise to render the will invulnerable to a will contest alleges only a general standard of care that cannot support a contract action. Finally, defendant argues that plaintiffs have failed to state any basis for relief.

Plaintiffs' case—and, as noted, the Court of Appeals opinion—relied heavily on this court's decision in *Hale*, 304 Or 281. We therefore turn first to that case as an essential step in analyzing plaintiffs' claims in the present action.

In *Hale*, the defendant lawyer had promised the testator that he would include in the testator's will a specific bequest to the plaintiff. The lawyer then unaccountably failed to carry out that promise. The plaintiff, after unsuccessfully attempting to reform the will, brought an action against the lawyer for breach of contract and negligence. This court held that the plaintiff's complaint stated claims both for breach of contract and for negligence but, as we shall show, our analysis in that regard demonstrates why the same may not be said for plaintiffs' complaint here.

The court in *Hale* began by observing,

> "The two claims are related, but they differ in important respects. Standing alone, without a duty to plaintiff derived from defendant's contractual undertaking, plaintiff's tort claim would confront the rule that one ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property. * * * It does not suffice that the harm is a foreseeable consequence of negligent conduct that may make one liable to someone else, for instance to a client. Some source of a duty outside the common law of negligence is required. * * * A contract claim, on the other hand, does not necessarily depend on showing negligence."

304 Or at 283-84 (citations omitted). The court then turned to the question whether the allegations in the plaintiff's complaint were sufficient to permit him to assert "third-party beneficiary" status. The court stated:

> "We agree that the beneficiary in these cases is not only a plausible but a classic 'intended' third-party beneficiary of the lawyer's promise to his client within the rule of [the] Restatement [(Second) of Contracts] section 302(1)(b) and may enforce the duty so created[.]"

*Id.* at 286. The court went on to hold that,

> "[b]ecause under third-party analysis the contract creates a 'duty' not only to the promisee, the client, but also to the intended beneficiary, negligent nonperformance may give rise to a negligence action as well."

*Id.*

The court in *Hale* considered a will beneficiary to be a classic "intended" third-party beneficiary when the facts satisfy the standards in the *Restatement (Second) of Contracts*, section 302 (1981), which provides:

"Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

"(a)   the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b)   the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

"(2)   An incidental beneficiary is a beneficiary who is not an intended beneficiary."

■      Here, plaintiffs invoke *Hale* (and the *Restatement*) alleging that defendant's promise to the testator to draft a will that included a specific bequest to them (to make them residual legatees) "included an implied promise to make the will invulnerable to a will contest so as to achieve [testator's] plan to maximize gifts to residuary beneficiaries." The difficulty with that second part of plaintiffs' allegation, however, is that, because (as plaintiffs themselves have pleaded) that part of defendant's promise was only "implied," the complaint must allege some basis for the implication.

Two sources of such an implication are possible: the facts and the law. The complaint alleges no facts that would permit the implication. Plaintiffs, while entitled to all the inferences that fairly may be drawn from their allegations, also are deemed, in standing on their third amended complaint, to have alleged the facts in the best light possible. *See Harding v. Bell*, 265 Or 202, 209, 508 P2d 216 (1973) (stating principle). That leaves the question whether the law itself will draw the implication on which plaintiffs rely.

■      We perceive no basis for doing so. A promise implied in law needs some basis in policies associated with contracts in general, or with contracts of the specific kind involved in

this case, in order to achieve judicial recognition. That is, promises implied in law are "created by the law for reasons of justice." *See* Joseph M. Perillo, 1 *Corbin on Contracts* § 1.20, 64 (rev ed 1993) (explaining principle); *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 557-59, 577 P2d 477 (1978) (holding that a particular obligation is implied-in-law because, "under all the circumstances of the parties' relationship, * * * defendant would be unjustly enriched" if the promise were not implied). Here, plaintiffs have pointed to no such "reasons of justice," and none occurs to us. Indeed, it is difficult to imagine a situation in which the law would, for reasons of justice, imply a promise to obtain the particular result described here, as contrasted with a promise to exercise a particular level of skill and learning to attempt to achieve such a result. *See, e.g., Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 259, 611 P2d 1158 (1980) (contrasting general standards of contract performance, which will be implied in law, with specific promises to produce different or particular results, which promises may be enforced regardless of general standards of professional performance but which must in fact have been made).[3]

We hold that plaintiffs' allegation of an implied promise to make the will invulnerable to a will contest did not constitute a legally sufficient source of duty and breach to enable plaintiffs to bring their breach of contract and negligence claims. The contrary conclusion of the Court of Appeals was error. It must be reversed.

The decision of the Court of Appeals is reversed. The judgment of the trial court is affirmed.

---

[3] Plaintiffs would not be able to sustain their claims under the more general, professional negligence standard, because they are not parties to the contract between defendant and testator and the damages that they assert are financial only. *See Hale*, 304 Or at 284-87 (explaining limitation).