Argued and submitted January 20, judgment dismissing breach of contract claim reversed and remanded, judgment dismissing declaratory judgment claim vacated and remanded to the trial court for dismissal unless MD&D Construction is joined within a time to be set by the court; otherwise affirmed April 20, 2011

## Sherrie SMITH,
*Plaintiff-Appellant,*

*v.*

## TRUCK INSURANCE EXCHANGE, INC.
(Farmers Insurance);
and Parham Insurance Agency, Inc.,
*Defendants-Respondents.*

Marion County Circuit Court
09C13784; A142954

255 P3d 615

Meagan A. Flynn argued the cause for appellant. With her on the briefs was Preston Bunnell & Flynn, LLP.

Beth Cupani argued the cause for respondents. With her on the brief were Francis J. Maloney, III, and Maloney Lauersdorf Reiner, PC.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Plaintiff, an alleged third-party beneficiary under a motor vehicle insurance policy, appeals from a judgment dismissing, for failure to state facts sufficient to constitute a claim for relief (ORCP 21 A(8)), and failure to prosecute the action by the real party in interest (ORCP 26 A), this action for breach of contract, negligence, and declaratory judgment. We conclude that the trial court lacked authority to adjudicate plaintiff's claim for declaratory judgment under ORS 28.110, because plaintiff failed to join the named insured as a party to that claim. In addition, we conclude that the trial court properly dismissed plaintiff's negligence claim for failure to state a claim. However, we conclude that the trial court erred in dismissing plaintiff's claim for breach of contract on the grounds that defendants urged before the trial court.

Because this action was dismissed at the pleading stage, we liberally construe the pleadings and consider as true the facts alleged in plaintiff's complaint and all reasonable inferences that may be drawn from those facts. ORCP 12 A; *Simonsen v. Ford Motor Co.*, 196 Or App 460, 462, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005). In her complaint, plaintiff alleged that she was injured in a motor vehicle collision and, as a result, incurred medical expenses and wage loss in excess of $100,000. The collision was the fault of a driver whose liability insurance provided only $25,000 in coverage. At the time of the collision, plaintiff was driving a 2004 Ford Ranger that had been loaned to her by Greer, the owner of MD&D Construction.

Plaintiff further alleged that MD&D maintained an insurance policy (the policy) with defendant Truck Insurance Exchange (Truck) that included substantial underinsured motorist (UIM) coverage benefits as well as personal injury protection (PIP) coverage for medical expenses and wage loss for injuries to occupants of an insured vehicle. Shortly before loaning the vehicle to plaintiff, Greer called defendant Parham Insurance Agency (Parham) and asked that the Ranger be added to the MD&D policy. Parham sold insurance as an agent of various insurers, including Truck. Based on the statements of Parham, Greer "reasonably believed that he had insurance which covered the vehicle and

therefore, loaned the vehicle to plaintiff." However, Truck denied plaintiff's claim for PIP and UIM benefits under the MD&D policy.

In her claim for breach of contract, plaintiff alleged that she was a third-party beneficiary of the policy and that Truck had refused to pay the benefits that she claimed under the policy. In her declaratory judgment claim, plaintiff realleged those operative facts in support of her request for a judgment that the policy was in force and effect when she was injured and that she was covered under the PIP and UIM provisions of the policy. In her negligence claim, plaintiff alleged, in addition to the other facts alleged in the complaint, that Parham was negligent in failing to procure the insurance that Greer had requested before the collision.

Defendants filed a motion to dismiss the complaint. As noted, the sole grounds for the motion were defendants' assertions that the complaint failed to state facts sufficient to constitute claims for relief and that plaintiff was not the real party in interest in the action. Defendants argued that the complaint was insufficient under ORCP 21 A(8) because plaintiff was "a stranger" to the insurance policy who was, at most, an "indirect third party beneficiary" who had "no relationship whatsoever to Parham." Defendants argued that the only real party in interest under the policy was MD&D and that, because plaintiff had failed to join MD&D as a party, the action must be dismissed under ORCP 26 A. Defendants made no separate argument that the court lacked authority to adjudicate the declaratory judgment claim under ORS 28.110, nor did defendants argue that the action should be dismissed because MD&D was a necessary party under ORCP 29.

At the hearing on defendants' motion to dismiss, the trial court opined that the complaint was deficient because, in the absence of MD&D's joinder, plaintiff lacked "standing" to assert the breach of contract and negligence claims. In the ensuing order granting the motion to dismiss, the court afforded plaintiff "leave to re-plead and/or bring in any other necessary parties by" a date certain. After plaintiff failed to file an amended pleading, the court entered a judgment dismissing the action.

On appeal, plaintiff reiterates her arguments before the trial court that, as a third-party beneficiary of the policy and Parham's undertaking to obtain the requested insurance coverage for MD&D, she has stated claims for breach of contract and negligence as a real party in interest seeking PIP and UIM benefits or equivalent damages on the ground that those losses are personal to her. Defendants reply that,

> "[a]lthough plaintiff argues that she is someone who will be benefitted from the judgment, there is no evidence that she falls into any class of persons who benefit from the terms of the insurance contract. Plaintiff argues only that she made a claim under the policy owned by MD&D Construction. However, she failed to allege any relationship to the vehicle, or to the insurance contract at issue. Plaintiff also fails to provide any of the policy provisions that would support her status as the real party in interest."

In addition, for the first time on appeal, defendants rely on ORCP 29 A, which provides:

> "A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest relating to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest. If such person has not been so joined, the court shall order that such person be made a party. If a person should join as a plaintiff but refuses to do so, such person shall be made a defendant, the reason being stated in the complaint."

According to defendants:

> "The trial court correctly determined that MD&D Construction, the policyholder, is a necessary party to any action on the insurance contract. In the absence of MD&D Construction, complete relief cannot be accorded amongst the parties to the lawsuit, and allowing the lawsuit to move forward without them would leave Truck and Parham at risk of incurring multiple and inconsistent obligations."

■    We begin with the sufficiency of plaintiffs' complaint to state a claim for breach of contract; in this case, that issue is inextricably entwined with defendants' argument that plaintiff is not a real party in interest with respect to that claim. ORCP 21 A(6) provides that a complaint may be dismissed on the ground that "the party asserting the claim is not the real party in interest." The rule flows from ORCP 26 A, which requires that

> "[e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought[.]"

Case law describes the rule as recognizing two classes of persons who may be regarded as "real parties in interest" under ORCP 26 A. First, there is the class of parties who will be " 'benefited or injured by the judgment in the case.' " *Association of Unit Owners v. Dunning*, 187 Or App 595, 607, 69 P3d 788 (2003) (quoting *Pulkrabek v. Bankers' Mortgage Corp.*, 115 Or 379, 385, 238 P2d 347 (1925)). Second, there is the class of persons who are "statutorily authorized to bring an action." *Id.*

To be sure, plaintiff's complaint in this case is not artfully framed. However, giving plaintiff the benefit of all reasonable inferences flowing from the facts alleged in the complaint, we conclude that she has adequately stated a claim for breach of contract as well as her real-party-in-interest status for purposes of that claim. From the allegations that Greer, MD&D's owner, asked Parham to add the 2004 Ranger to the existing insurance policy, which included particular PIP and UIM benefits for occupants of a covered vehicle, and that, based on Parham's statements, Greer reasonably believed that the Ranger was covered, the following inferences reasonably flow: (1) that Truck issued the policy; (2) that Parham was acting as Truck's agent; (3) that, as Truck's agent, Parham promised to add the Ranger to the policy; and (4) that plaintiff was claiming PIP and UIM benefits under the policy. In addition, the allegations that Greer loaned the Ranger to plaintiff because he believed from his

conversation with Parham that the vehicle was covered under the policy and that plaintiff was injured in a collision and, therefore, was entitled to PIP and UIM benefits, are sufficient to permit inferences that plaintiff was covered under the policy because she was occupying the Ranger with permission at the time of her collision with an underinsured driver. In fact, at oral argument on the motion to dismiss, defendants' counsel acknowledged that plaintiff "alleges she was a permissive driver—a driver of a vehicle owned by MD&D Construction." Plaintiff was not required to plead more to state a claim for PIP and UIM benefits as a real party in interest.

For purposes of UIM coverage, "insured" means every person "occupying an insured vehicle" with permission. ORS 742.504(2). Oregon motor vehicle insurance policies must provide UIM coverage that is no less favorable to the insured than the terms required by ORS 742.504. ORS 742.502; *Vega v. Farmers Ins. Co.*, 323 Or 291, 302, 918 P2d 95 (1996). Because the complaint permits the inference that plaintiff was a permissive occupant of the Ranger, plaintiff has sufficiently alleged that she is an intended third-party beneficiary of the insurance policy who will be "benefited or injured by the judgment in the case." *Dunning*, 187 Or App at 607. Accordingly, the trial court erred in dismissing plaintiff's breach of contract claim on either of the grounds raised in defendants' motion to dismiss.

There remains to be considered defendants' argument that ORCP 29 requires dismissal of plaintiff's breach of contract claim in the absence of MD&D's joinder as a party, because defendants otherwise would be left "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of" MD&D's interest in the policy. Even though, in its order granting defendants' motion to dismiss, the trial court referred to the joinder of "necessary" parties, defendants did not rely on ORCP 29, and the trial court did not address the standards for making a determination under that provision. We may not consider that argument for the first time on appeal. ORCP 21 G(3) (defense of failure to join indispensable party may be raised by pleading, motion, or at trial); *Waddill v. Anchor Hocking, Inc.*, 330

Or 376, 384, 8 P3d 200 (2000), *adh'd to on recons*, 331 Or 595, 18 P3d 1096 (2001) (defense enumerated in ORCP 21 G may not be raised for the first time on appeal).

■    We next consider plaintiff's argument that the trial court erred in dismissing her claim against Parham for negligent failure to procure coverage for the Ranger and its permissive occupants, including plaintiff. We begin with the issue whether plaintiff alleged facts sufficient to constitute a claim for negligence under ORCP 21 A(8). In *Hale v. Groce*, 304 Or 281, 744 P2d 1289 (1987), the defendant lawyer had promised a testator that he would include in the testator's will a specific bequest to the plaintiff. The lawyer then failed to carry out that promise. After unsuccessfully attempting to reform the will, the plaintiff brought an action against the lawyer for breach of contract and negligence. The Supreme Court held that the plaintiff's complaint stated claims both for breach of contract and for negligence.

The court began by observing,

"The two claims are related, but they differ in important respects. Standing alone, without a duty to plaintiff derived from defendant's contractual undertaking, plaintiff's tort claim would confront the rule that one ordinarily is not liable for negligently causing a stranger's purely economic loss without injuring his person or property. * * * It does not suffice that the harm is a foreseeable consequence of negligent conduct that may make one liable to someone else, for instance to a client. Some source of a duty outside the common law of negligence is required. * * * A contract claim, on the other hand, does not necessarily depend on showing negligence."

304 Or at 283-84 (citations omitted). The court then turned to the question whether the allegations in the plaintiff's complaint were sufficient to permit him to assert "third-party beneficiary" status. The court stated:

"We agree that the beneficiary in these cases is not only a plausible but a classic 'intended' third-party beneficiary of the lawyer's promise to his client within the rule of [the] *Restatement [(Second) of Contracts]* section 302(1)(b) and may enforce the duty so created[.]"

*Id.* at 286. The court went on to hold that,

> "[b]ecause under third-party analysis the contract creates a 'duty' not only to the promisee, the client, but also to the intended beneficiary, negligent nonperformance may give rise to a negligence action as well."

*Id.*

The court in *Hale* considered the beneficiary of a will to be a classic "intended" third-party beneficiary when the facts satisfy the standards in the *Restatement (Second) of Contracts*, section 302 (1981), which provides:

> "Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> "(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> "(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> "(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary."

In *Caba v. Barker*, 341 Or 534, 145 P3d 174 (2006), the court distinguished *Hale*. In that case, two residual legatees of a will brought an action against the lawyer who drafted it. The plaintiffs asserted that, in addition to their status as residual legatees, they were the intended third-party beneficiaries of what they characterized as an "implied" promise that they alleged that the defendant made to the testator in connection with that will. The plaintiffs further alleged that the defendant failed to carry out the terms of his implied promise to the testator, that they suffered damages as a result of that failure, and that they had either a viable breach of contract claim or a viable negligence claim (or both) against the defendant as a result.

The plaintiffs invoked *Hale* (and the *Restatement*), alleging that the defendant's promise to the testator to draft

a will that included a specific bequest to them (to make them residual legatees) "included an implied promise to make the will invulnerable to a will contest so as to achieve [the testator's] plan to maximize gifts to residuary beneficiaries." The Supreme Court rejected the plaintiffs' argument:

> "The difficulty with that second part of plaintiffs' allegation, however, is that, because (as plaintiffs themselves have pleaded) that part of defendant's promise was only 'implied,' the complaint must allege some basis for the implication.

> "Two sources of such an implication are possible: the facts and the law. The complaint alleges no facts that would permit the implication. Plaintiffs, while entitled to all the inferences that fairly may be drawn from their allegations, also are deemed, in standing on their third amended complaint, to have alleged the facts in the best light possible. *See Harding v. Bell*, 265 Or 202, 209, 508 P2d 216 (1973) (stating principle). That leaves the question whether the law itself will draw the implication on which plaintiffs rely.

> "We perceive no basis for doing so. A promise implied in law needs some basis in policies associated with contracts in general, or with contracts of the specific kind involved in this case, in order to achieve judicial recognition. That is, promises implied in law are 'created by the law for reasons of justice.' *See* Joseph M. Perillo, 1 *Corbin on Contracts* § 1.20, 64 (rev ed 1993) (explaining principle); *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 533, 557-59, 577 P2d 477 (1978) (holding that a particular obligation is implied-in-law because, 'under all the circumstances of the parties' relationship, * * * defendant would be unjustly enriched' if the promise were not implied). Here, plaintiffs have pointed to no such 'reasons of justice,' and none occurs to us. Indeed, it is difficult to imagine a situation in which the law would, for reasons of justice, imply a promise to obtain the particular result described here, as contrasted with a promise to exercise a particular level of skill and learning to attempt to achieve such a result. *See, e.g., Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 259, 611 P2d 1158 (1980) (contrasting general standards of contract performance, which will be implied in law, with specific promises to produce different or particular results,

which promises may be enforced regardless of general standards of professional performance but which must in fact have been made)."

*Caba*, 341 Or at 540-41.

Plaintiff in this case, like the plaintiff in *Caba*, has not pleaded a qualifying basis for the implication of an actionable promise by Parham for the benefit of plaintiff. There is nothing in plaintiff's complaint that would permit an inference that Parham undertook a duty, apart from the foreseeability of the harm, for the benefit of any permissive occupant of the Ford Ranger. Unlike in *Hale*, where the plaintiff was a classic intended beneficiary of the defendant attorney's promise to include the plaintiff as a specific beneficiary in the testator's will, here, there is no allegation that plaintiff was an intended beneficiary of Parham's alleged promise or, for that matter, that MD&D told Parham that it sought coverage for the Ranger so that it could loan the vehicle to a permissive user. Instead, plaintiff merely alleged that, as a result of communications with Parham, Greer "reasonably believed that he had insurance which covered the vehicle and, therefore, loaned the vehicle to plaintiff." Accordingly, at most, plaintiff's negligence claim supports an inference that plaintiff, as with any other potential permissive occupant of the Ranger, was an incidental beneficiary of Parham's promise. That is insufficient to give rise to negligence liability in these circumstances. *Lord v. Parisi*, 172 Or App 271, 277-78, 19 P3d 358, *rev den*, 332 Or 250 (2001) (concluding that, under *Hale*, an incidental beneficiary could not maintain a legal malpractice claim).[1]

---

[1] Our conclusion is consistent with the results in cases from other jurisdictions that, like Oregon, limit negligence liability for causing a third party's purely economic loss without injuring his or her person or property and, consequently, it does not suffice that the harm is a foreseeable consequence of negligent conduct that may make one liable to a client. *See, e.g., Jones v. Hyatt Insurance Agency, Inc.*, 356 Md 639, 658, 741 A2d 1099 (1999) ("Where the failure to exercise due care creates a risk of economic loss only, courts have generally required an intimate nexus between the parties as a condition to the imposition of tort liability * * *. In the case at bar, the [tort claimants] incurred 'a risk of economic loss only' as a result of [the insurance agency's] negligent breach of contract [to obtain coverage for its client]. The [tort claimants'] personal injuries did not result from [the agency's] negligence but were caused by the negligence of [its client's] employee. The only injury possibly incurred by the [tort claimants] as a result of [the agency's] negligence is that their judgment against [the client] may not be satisfied. This is economic loss only."); *Saylab v. Don Juan Restaurant, Inc.*, 332 F Supp 2d 134 (DC 2004) (same,

We turn, finally, to plaintiffs' argument that the trial court erred in dismissing her claim for a declaratory judgment that she was covered under the PIP and UIM provisions of the policy. It is important to note at the outset that, although the declaratory judgment claim is based on the same operative facts alleged in the breach of contract claim, the analyses of the two claims are different in important respects. First, at least in their reply memorandum in support of the motion to dismiss, defendants asserted before the trial court that the declaratory judgment claim must be dismissed based on cases decided under ORS 28.110. That statute provides, in part:

> "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

In particular, defendants relied on *Nolan v. Jackson National Life Ins. Co.*, 155 Or App 420, 963 P2d 162 (1998), where we said:

> "This action was brought under the Declaratory Judgments Act, ORS chapter 28. ORS 28.110 provides that 'all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]' That requirement has been held to be jurisdictional; failure to join an interested party renders any judgment void. *Stanley, Adm. v.*

applying District of Columbia law); *Napier v. Bertram*, 191 Ariz 238, 242-43, 954 P2d 1389 (1998) (holding that an insurance agent may not be held liable in negligence to a passenger for failure to procure uninsured motorist coverage for the agent's client, a taxicab company required by state law to have such coverage on behalf of its passengers, and noting that, for it to hold a professional liable for negligence, it traditionally required "a duty of care" founded upon the "relationship between the non-client and professional" that "exceeded mere general foreseeability").

On the other hand, jurisdictions unlike Oregon that follow a general foreseeability approach to economic loss claims have held that an insurance agent may be liable to a claimant for negligent failure to procure insurance coverage. *See, e.g., Eschle v. Eastern Freight Ways, Inc.*, 128 NJ Super 299, 302 (1974) (holding that the public policy of New Jersey is "to see that drivers are insured, not only for their own benefit * * * but also to provide a fund from which the damage claims of others may be satisfied"). After examining the foreseeable effects from an insurance broker's actions, the court in *Eschle* held that "[t]he public is a third-party beneficiary of such an agreement." *Id.*; *see also Westrick v. State Farm Ins.*, 137 Cal App 3d 685, 691-92, 187 Cal Rptr 214 (1982) (insurance agent's liability extends to foreseeable third-party beneficiaries of the policy).

*Mueller*, 211 Or 198, 210, 315 P2d 125 (1957) (failure to join will beneficiaries in declaratory judgment action brought by administratrix of decedent's estate against decedent's spouse presented no justiciable controversy); *see also Wright v. Hazen Investments, Inc.*, 293 Or 259, 264, 648 P2d 360 (1982) (assignee of leasehold contract was required to be joined under ORS 28.110); *Farmers Ins. Co. v. Lotches*, 276 Or 81, 85-86, 554 P2d 169 (1976) (in insurer's declaratory judgment action against claimants on an insurance policy, insured was required to be joined under ORS 28.110); *Kaiser Foundation Health Plan v. Doe*, 138 Or App 428, 433, 908 P2d 850, *rev den* 324 Or 394 (1996) (in declaratory judgment action concerning enforceability of oral contract, all parties to the agreement were required to be made parties to the action); *Futrell v. Wagner*, 96 Or App 27, 32, 771 P2d 292, *rev den* 308 Or 158 (1989) (where it was apparent from the record that unjoined assignee of contract might claim an interest, failure to join him as necessary party was a jurisdictional defect).

"[Plaintiff's] claim that he is the owner of $900,000 of the Trust's term insurance policy on Teddy Moore's life therefore is not justiciable, unless the Trust is made a party to this action. The Trust has an interest that would be affected by a declaratory judgment that the term insurance policy does or does not exist. It also has an interest in who the beneficiary of the policy might be. In general, the remedy in a case in which a necessary party has not been joined is to remand with instructions to dismiss the action unless the necessary party is joined within a reasonable time. In some cases, however, the appellate courts have determined that the absent party's interests were protected by one of the named parties and remanded with instructions simply to add the absent party and enter an amended judgment. *See, e.g., Wright*, 293 Or at 265-66 (discussing propriety of that remedy); *Marx v. Lenske/Krause*, 263 Or 90, 500 P2d 715 (1972) (applying that remedy)."

155 Or App at 430-31.

As *Nolan* and the cases on which we relied there indicate, defendants' argument that MD&D is a party that must be joined under ORS 28.110 would be cognizable even if it had been raised for the first time on appeal. *See also State ex rel Dewberry v. Kulongoski*, 346 Or 260, 273, 210 P3d 884 (2009) (quoting *Stanley, Adm.*, 211 Or at 202 "('[C]ourts have

no authority to make a declaration unless all persons "who have or claim any interest which would be affected by the declaration" are parties to the proceeding.') (quoting ORS 28.110)"). Thus, unlike our disposition of defendants' tardy contention that ORCP 29 requires dismissal of plaintiff's other claims, we must address defendants' contention, made for the first time on appeal, that ORS 28.110 requires dismissal of plaintiff's declaratory judgment claim.

■ Accordingly, we turn to plaintiff's challenge to the dismissal of her declaratory judgment claim, focusing on defendant's argument under ORS 28.110. It is axiomatic that MD&D, as a party to a contract of insurance, has an interest that would be affected by a declaration that a putative intended beneficiary is or is not covered under the policy. If, for example, defendants were to prevail on the declaratory judgment claim, MD&D would be exposed to risk of liability to plaintiff for having loaned her an uninsured vehicle. Moreover, it is equally axiomatic that, in MD&D's absence, a declaration in this case that the Ranger was not covered or that plaintiff was not a covered occupant would expose defendants to the risk of successive litigation by MD&D and an inconsistent adjudication in such an action. Those risks present a classic circumstance in which, even though plaintiff has adequately alleged that she is a real party in interest, declaratory judgment cannot be rendered without the joinder of all parties to the insurance policy. *See Lotches*, 276 Or at 85-86 (in insurer's declaratory judgment action against claimants on an insurance policy, insured was required to be joined under ORS 28.110).

We turn to the appropriate disposition on appeal. That issue is complicated by the fact that, even though defendants' motion to dismiss did not expressly focus on ORS 28.110, and the trial court did not address that statute, the court did give plaintiff an opportunity to file an amended complaint that joined MD&D as a party, and she failed to avail herself of that opportunity. For two reasons, we conclude that plaintiff's failure to join MD&D does not require outright affirmance of the trial court's dismissal of her declaratory judgment claim. First, we believe that plaintiff is entitled to one more opportunity to join MD&D as a party to the declaratory judgment claim in light of our application—

for the first time on appeal—of ORS 28.110, the controlling statute. Second, because we have concluded that the trial court erred in dismissing plaintiff's breach of contract claim, the parties will have an opportunity on remand to address the necessity of MD&D's joinder as a party to that claim under ORCP 29 and ORCP 21 G(2). It makes little sense, given the inextricable relationship between the breach of contract and declaratory judgment claims, to dismiss the latter without recourse when the parties will have an opportunity to contest under ORCP 29 the necessity of joining MD&D as a party to the breach of contract claim.[2]

Judgment dismissing breach of contract claim reversed and remanded; judgment dismissing declaratory judgment claim vacated and remanded to the trial court for dismissal unless MD&D Construction is joined within a time to be set by the court; otherwise affirmed.

---

[2] We do not mean to suggest that the resolution of that issue, if properly raised before the trial court, would be difficult, or that resistance to joinder would be practical, especially in view of our conclusion that MD&D must be joined as a party to the declaratory judgment claim. However, because the application of ORCP 29 is not properly before us, we do not have occasion in this case to fully consider the functional interplay between ORCP 29, which is the general compulsory joinder rule for civil actions, and ORS 28.110, which, as discussed, is the particular statute that governs the justiciability of declaratory judgment claims.