Filed:   December 30, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON


RUTH ROBINSON,
GERALD BUTTON, NORMAN FABIAN, BECKY HANSON,
RENE REULET, LINDA GRAY, LAREN FERRELL,
STUART GILLETT, ROBERT PEARSON, GARY REESE,
and BRUCE JOHNSON,

Petitioners-Respondents,


v.


PUBLIC EMPLOYEES RETIREMENT BOARD,

Respondent-Appellant,


and

STATE OF OREGON,
CITY OF PORTLAND, PORTLAND SCHOOL DISTRICT,
CITY OF GRESHAM, LINN COUNTY,
PORTLAND COMMUNITY COLLEGE,
MULTNOMAH COUNTY,
CENTRAL CATHOLIC SCHOOL DISTRICT 13J,
and FOREST GROVE SCHOOL DISTRICT #15,

Intervenors-Appellants.


(CC 060504584; CA A141664; SC S058882)


On petition for reconsideration filed October 27, 2011.

James S. Coon, Swanson Thomas & Coon, Portland, filed the petition for reconsideration.

No appearance *contra*.
Before De Muniz, Chief Justice, and Durham, Balmer, Kistler, Walters, and

Linder, Justices.*

DE MUNIZ, C. J.

Petition for reconsideration allowed; former opinion adhered to.

*Landau, J., did not participate in the consideration or decision of this case.

DE MUNIZ, C. J.

Petitioners Ruth Robinson, et al., (Window Retirees) have filed a petition for reconsideration requesting that the court modify its disposition in this case. *Arken v. City of Portland*, 351 Or 113, ___ P3d ___ (2011). Petitioners assert that the court erred in determining that the proper disposition is to invalidate both the administrative expense mechanism and the COLA freeze mechanism set out in Oregon Laws 2003, chapter 625, section 14b(1) (Section 14b(1)). Petitioners contend that the appropriate disposition is to declare that use of either the administrative expense mechanism or the COLA freeze mechanism would constitute a breach of the Public Employee Retirement System (PERS) statutory contract, but then to leave the choice of remedy for either of those breaches to the Legislative Assembly. We allow petitioners' request for reconsideration, but adhere to our previous opinion.

In *Strunk v. PERB*, 338 Or 145, 108 P3d 1058 (2005), this court addressed a similar legislative attempt to take a particular restorative action in reform of the PERS statutes. In *Strunk*, this court addressed a COLA freeze mechanism similar to that involved in this case. After the court determined that the COLA freeze at issue there violated the PERS contract, this court concluded that "the prudent dispositional action is to invalidate the offending statutory wording." *Strunk*, 338 Or at 225. We conclude that the prudent dispositional action in this case, too, is to invalidate the administrative expense mechanism and the COLA freeze mechanism set out in Section 14b(1). In *Strunk*, this court expressly noted that "[o]ur conclusion that th[e] particular legislative action taken by the legislature amounted to a breach of the PERS contract, however,

1

implies nothing about [the Public Employee Retirement Board's] -- or, for that matter, the legislature's -- authority to recover amounts determined to have been paid from the fund in error." *Strunk*, 338 Or at 224 n 58. Here, too, our determination that the administrative expense mechanism and the COLA freeze mechanism set out in Section 14b(1) are invalid does not imply that the Legislative Assembly is powerless to take some other action to provide some form of remedy for the Window Retirees to compensate them for the loss of payments they have received and would receive pursuant to Section 14b(1).

Petition for reconsideration allowed; former opinion adhered to.