Argued and submitted May 21, reversed and remanded August 13, 2014

NATIONWIDE INSURANCE COMPANY OF AMERICA,
*Plaintiff-Appellant,*

*v.*

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT, (TRIMET),
*Defendant-Respondent.*

Multnomah County Circuit Court
120911252; A153690

333 P3d 1174

Barry J. Goehler argued the cause for appellant. With him on the briefs was Law Office of Barry J. Goehler.

Gregory E. Skillman argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

LAGESEN, J.

**LAGESEN, J.**

According to the complaint in this case, plaintiff Nationwide Insurance Company of America paid $2,753.73 to repair damages to its insured's Cadillac caused by defendant Tri-County Metropolitan Transportation District's (TriMet) negligently operated bus. Plaintiff then sued defendant to recover that amount, alleging that it was "subrogated to all rights of its insured" against defendant. Defendant moved to dismiss the complaint under ORCP 21 A(6) and ORCP 26, on the ground that plaintiff was not the real party in interest on the claim, and under ORCP 21 A(8), on the ground that the complaint did not state a claim for negligence because it did not allege that plaintiff itself, rather than plaintiff's insured, had been injured by TriMet's negligence. The trial court agreed with defendant and dismissed on those alternative grounds. We reverse and remand.

Our review of both bases for dismissal is the same on this record. We review a trial court's ruling dismissing a complaint under ORCP 21 A(8) for failure to state a claim for legal error, taking "as true all well-pleaded factual allegations," and giving plaintiff "the benefit of all reasonable inferences that can be drawn from those facts." *Bernards v. Summit Real Estate Management, Inc.*, 229 Or App 357, 367, 371, 213 P3d 1 (2009). With respect to the trial court's dismissal under ORCP 21 A(6), the parties here did not submit evidence, and the trial court resolved the motion on the pleadings without making any factual findings.[1] Consequently, because the trial court resolved the motion on the pleadings, "we liberally construe the pleadings and consider as true the facts alleged in plaintiff's complaint and all reasonable inferences that may be drawn from those facts," and review to determine whether plaintiff has adequately

---

[1] ORCP 21 A authorizes the development of a factual record and entry of findings in connection with a motion to dismiss under ORCP 21 A(6):

"If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits, declarations and other evidence are presented to the court, all parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

alleged its real-party-in-interest status. *Smith v. Truck Insurance Exchange, Inc.*, 242 Or App 202, 204, 207-08, 255 P3d 615 (2011) (explaining standard of review applicable to dismissal under ORCP 21 A(6) made on the pleadings).

We first address the trial court's dismissal of the case on the ground that plaintiff was not the real party in interest. Under Oregon law, "[a]n insurer who makes an outright payment to its insured is subrogated to the insured's claims arising from the loss for which payment was made." *Metropolitan Property & Casualty v. Harper*, 168 Or App 358, 374, 7 P3d 541 (2000). "A subrogated insurer becomes the owner of the claim *and the real party in interest in any action to enforce it*." *Id.* (emphasis added); *see also Waters v. Bigelow et al*, 210 Or 317, 318-23, 310 P2d 624 (1957) (discussing and applying rule); *Furrer v. Yew Creek Logging Co.*, 206 Or 382, 388-89, 292 P2d 499 (1956) (same); *Growers Refrigeration v. Pacific Electrical*, 165 Or App 274, 276, 996 P2d 521 (2000) (same).

In this case, the complaint alleges that defendant caused $2,753.73 in physical damage to plaintiff's insured's car, that plaintiff made an outright payment of that amount to its insured, and that plaintiff thereby became fully subrogated to its insured's claims arising out of the property damage caused by defendant. Those allegations are sufficient to establish at the pleadings stage that plaintiff is the real party in interest on the claim that it has alleged. If, as alleged, plaintiff made an outright payment to its insured and became subrogated to its insured's claim against defendant for property damage, then, as a matter of law, plaintiff is the real party in interest as to that claim.

Defendant nonetheless argues that we should conclude that the insured remains the real party in interest on the claim. In particular, defendant contends that to hold otherwise puts it at risk of having to defend a separate suit brought by the insured.

We recognize defendant's concern. We nevertheless reject defendant's argument for two reasons. First, in the posture in which this case is presented to us, our review is confined to the complaint. The allegations in the complaint, if true, establish that plaintiff is the *only* real party

in interest on the claim alleged, having become subrogated to *"all* rights of its insured" against defendant. (Emphasis added.)

Second, the remedy that defendant seeks to employ—dismissal on the ground that the subrogated insurer is not the real party in interest—is not the proper mechanism for addressing defendant's concern that the insured is *also* a real party in interest who may subject defendant to additional litigation. *See Waters,* 210 Or at 318-23 (explaining circumstances in which a subrogated insurer and the insured are both real parties in interest on a claim). Rather, a defendant's recourse under such circumstances is to move to dismiss for failure to join an indispensable party under ORCP 21 A(7) and ORCP 29.[2] *See id.* (explaining circumstances in which both insured and insurer should be joined). Here, if the evidence developed on remand (at summary judgment, trial, or otherwise) demonstrates—contrary to the allegations in the complaint—that the insured *also* is a real party in interest on the claim at issue, then defendant can move at that time to dismiss for failure to join an indispensable party. ORCP 21 G(3) (defense of failure to join an indispensable party may be raised by pleading, motion, or at trial); *Smith,* 242 Or App at 208-09.

We next address the trial court's alternative basis for dismissal: its conclusion that the complaint failed to state a claim. That dismissal was predicated on defendant's argument that the complaint did not state a claim for negligence against defendant because it alleged no facts showing that defendant had injured plaintiff itself, rather than plaintiff's insured. Defendant asserted: "Significantly, there is no allegation in the Complaint that TriMet engaged in any tortious conduct against [plaintiff] that could support a claim by [plaintiff] against [defendant]." However, as defendant

---

[2] Although the parties discussed the possibility of joining the insured with the trial court at the hearing on the motion, defendant did not move to dismiss under ORCP 21 A(7) and ORCP 29 for failure to join an indispensable party, and we cannot consider the defense of failure to join an indispensable party for the first time on appeal. *Smith v. Truck Insurance Exchange, Inc.,* 242 Or App 202, 204, 208-09, 255 P3d 615 (2011) (concluding that in the absence of a motion to dismiss under ORCP 21 A(7) and ORCP 29 in the trial court, we could not address whether dismissal could be affirmed on the ground that the plaintiff failed to join an indispensable party).

acknowledged at oral argument before us, if plaintiff is subrogated to its insured's claim against defendant—as the complaint alleges—then the complaint does state a claim for negligence by plaintiff against defendant as a result of that subrogation.[3]

Reversed and remanded.

---

[3] Defendant argues for the first time on appeal that plaintiff's claim should be dismissed because without joinder of plaintiff's insured's claims, it is impossible to know whether all the claims in the aggregate amount to less than the $10,000 cap set by ORS 20.080. We decline to consider that argument because defendant did not present it to the trial court.